UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUBEN MARTINEZ,<br>TDCJ No. 01835355,<br><br>            Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>            Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§       CIVIL NO. SA-21-CA-0795-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Ruben Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 6). In his § 2254 petition, Petitioner challenges the constitutionality of his 2013 state court murder conviction, arguing that he received ineffective assistance from both his trial and appellate counsel and that the evidence was insufficient to support a murder conviction. In his motion to dismiss, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In January 2013, a Bexar County jury convicted Petitioner of murder and sentenced him to life imprisonment. *State v. Martinez*, No. 2012CR2054 (226th Dist. Ct., Bexar Cnty., Tex. Jan. 9, 2013); (ECF No. 7-2 at 124-25). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Martinez v. State*, No. 04-13-00063-CR, 2013 WL 6097942 (Tex. App.—San Antonio, Nov. 20, 2013, no. pet.); (ECF No. 7-13). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 1 at 3).[1]

Instead, Petitioner waited until May 10, 2019, to file a state habeas corpus application challenging his conviction and sentence. *Ex parte Martinez*, No. 79,067-02 (Tex. Crim. App.); (ECF No. 7-22 at 19). The Texas Court of Criminal Appeals ultimately denied the application without written order on April 15, 2020. (ECF No. 7-21). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on May 3, 2021. (ECF No. 1 at 10, 13).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final December 20, 2013, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals'

---

[1]   *See also* http://www.search.txcourts.gov, search for "Martinez, Ruben" last visited December 13, 2021.

judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, December 22, 2014.[2]  Petitioner did not file his § 2254 petition until May 3, 2021—over six years after the limitations period expired—thus, his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.     **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in May 2019, Petitioner's limitations period for filing a federal petition had

---

[2] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

already expired in December 2014. Because it was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, the state habeas application does not toll the one-year limitations period.³ *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed May 3, 2021, is still over six years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's motion to dismiss, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d

---

³     Petitioner's first state application, which was dismissed by the Texas Court of Criminal Appeals in March 2013 because Petitioner's direct appeal was still pending, also does not operate to toll the limitations period because it was not properly filed. *Ex parte Martinez*, No. 79,067-01 (Tex. Crim. App.); (ECF No. 7-18). An improperly filed state habeas petition has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal of his conviction was denied by the intermediate court of appeals in November 2013, yet Petitioner did not execute his state habeas corpus application challenging his conviction and sentence until May 2019, five and a half years later. Petitioner fails to establish that his claims could not have been discovered and presented earlier. Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by more than six years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss, filed October 27, 2021 (ECF No. 6), is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner Ruben Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 14th day of December, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE